# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Bradley A. Norton

Appellate Case No. 2020-001191

---

Opinion No. 28014
Submitted February 10, 2021 – Filed March 17, 2021

---

## DEFINITE SUSPENSION

---

Disciplinary Counsel John S. Nichols and Deputy
Disciplinary Counsel Carey Taylor Markel, both of
Columbia, for the Office of Disciplinary Counsel.

Bradley A. Norton, of Walhalla, Pro Se.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct, consents to
the imposition of any sanction contained in Rule 7(b), RLDE, and agrees to pay the
costs incurred by ODC and the Commission on Lawyer Conduct (Commission) in
investigating and prosecuting this matter.  We accept the Agreement and suspend
Respondent from the practice of law in this state for one year.  The facts, as set
forth in the Agreement, are as follows.

## I.

## Matter A

Respondent represented Client A from 1994 to 2007 in a personal injury matter
arising out of an automobile accident.  Respondent neglected the matter, failed to

return phone calls from Client A, canceled client meetings, and failed to communicate with Client A. Respondent lacked competence in handling the personal injury matter and ultimately the trial court dismissed the litigation for failure to prosecute. Respondent admits his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (diligence); Rule 1.4 (communication); Rule 3.2 (reasonable efforts to expedite litigation); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice). We find Respondent's conduct also violated Rule 1.1, RPC, Rule 407, SCACR (competence).

## Matter B

Respondent represented Client B from 2005 to 2012 in a personal injury matter arising out of an automobile accident. Respondent neglected the matter, failed to return phone calls from Client B and the insurance carrier, failed to communicate, and failed to file a summons and complaint despite assurances to the client that he had done so. Respondent lacked competence in handling Client B's claim. After the initiation of these proceedings, Respondent compensated Client B for her damages. Respondent admits his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (diligence); Rule 1.4 (communication); Rule 3.2 (reasonable efforts to expedite litigation); Rule 8.4(d) (conduct involving dishonesty); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice). We find Respondent's conduct also violated Rule 1.1, RPC, Rule 407, SCACR (competence).

## Matter C

Respondent represented Client C from 2007 to 2014 in a personal injury matter arising out of an automobile accident. For a period of seven years, when Client C would call to check on the status of her case, Respondent would assure Client C that he was waiting on a court date. In 2014, Client C learned that Respondent had never filed a lawsuit on her behalf because Respondent did not know where to file the suit. Respondent did not file a timely response to the Notice of Investigation in this matter, necessitating the issuance of a letter pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982). Subsequent to the initiation of these proceedings, Respondent compensated Client C for her damages. Respondent admits his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (competence); Rule 1.3 (diligence); Rule 1.4 (communication); Rule 3.2 (reasonable efforts to expedite litigation); Rule 8.1(b) (failure to respond to

disciplinary inquiry); Rule 8.4(d) (conduct involving dishonesty); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

## Matter D

Respondent represented Client D from 2009 to 2015 in a personal injury matter arising out of an automobile accident. During the course of representation of Client D, Lawyer failed to return phone calls and failed to file appropriate paperwork with the trial court. Ultimately the case was dismissed pursuant to Rule 40(j), SCRCP, in 2015 and not restored to the docket. Respondent did not file a timely response to the Notice of Investigation in this matter, necessitating the issuance of a letter pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982). Respondent admits his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (competence); Rule 1.3 (diligence); Rule 1.4 (communication); Rule 3.2 (reasonable efforts to expedite litigation); Rule 8.1(b) (failure to respond to disciplinary inquiry); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

## Matter E

During the course of representation of a client in a personal injury matter, Respondent agreed to protect a subrogation claim. Upon settlement of the personal injury matter, Respondent failed to pay the subrogation claim. The subrogation vendor contacted Respondent repeatedly over the course of fifteen months after the settlement concerning payment of the subrogation claim. Respondent never responded to the subrogation vendor's attempts to obtain payment. After the initiation of these proceedings, Respondent paid the subrogation claim. Respondent admits his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15(e) (promptly distributing funds); Rule 8.4(d) (conduct involving dishonesty); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

## Matter F

Respondent represented Client F in a family court matter. Client F had physical custody of her grand-niece and grand-nephew and wanted to obtain legal custody of them. Respondent advised Client F that adoption was preferable over legal custody because adoption would protect Client F's interests in providing a stable home environment for the children. After the temporary hearing, communications

between Respondent and Client F broke down. Respondent was unsuccessful in securing the adoption for Client F. Respondent admits his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (competence) and Rule 1.4 (communication).

## Matter G

Respondent represented Client G from 2003 to 2014 in a personal injury action arising out of her injuries in an automobile accident. Client G was eleven years old at the time of the accident. Respondent filed an action for Client G on December 31, 2009, the last day of the calendar year in which Client G turned eighteen years old. For the next approximately year and a half, Respondent failed to return phone calls to Client G or her father. On August 25, 2011, the trial court dismissed Client G's action for a failure to prosecute. On August 17, 2012, Respondent filed a motion to restore. After getting the case restored to the docket, Respondent took no further action on Client G's case. On August 26, 2015, the court again dismissed Client G's case for a failure to prosecute. On October 14, 2015, Respondent filed a second motion to restore Client G's case to the docket. On October 19, 2015, the case was restored to the docket. In 2017, the court granted summary judgment to the defendant because the statute of limitation in Client G's case had already expired when Respondent filed Client G's second motion to restore. Respondent admits his conduct violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (competence); Rule 1.3 (diligence); Rule 1.4 (communication); Rule 3.2 (reasonable efforts to expedite litigation); and Rule 8.4(e) (engaging in conduct prejudicial to the administration of justice).

## II.

Respondent admits his conduct constitutes grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (a violation of the Rules of Professional Conduct shall be grounds for discipline) and Rule 7(a)(5) (conduct tending to pollute the administration of justice shall be grounds for discipline).

We find Respondent's misconduct warrants a definite suspension from the practice of law in this state for one year. Accordingly, we accept the Agreement and suspend Respondent for a period of one year. Within thirty (30) days of the date of this opinion, Respondent shall pay or enter into a reasonable payment plan with the

Commission to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

Additionally, we remind Respondent that, prior to seeking reinstatement, he must demonstrate his compliance with Rule 33, RLDE, Rule 413, SCACR (reinstatement following a definite suspension of nine months or more), including completion of the Legal Ethics and Practice Program Ethics School within one year prior to filing a petition for reinstatement.

Finally, within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**